REMINGTON RAND AMERICA CORPORATION (a division of Sperry Rand Corporation) and Union Assurance Company Limited, Plaintiffs,

v.

METROPOLITAN PACKING & WAREHOUSING COMPANY, Inc., and Bull Insular Line, Inc., Defendants.

Civ. No. 271-57.

United States District Court
D. Puerto Rico,
San Juan Division.
Aug. 3, 1960.

---

McConnell, Valdes & Kelley, San Juan, P. R., for plaintiff.

F. Fernandez Cuyar, San Juan, P. R., for defendant.

### RUIZ-NAZARIO, District Judge.

This action is now before the court pursuant to its order of June 2, 1960, vacating and setting aside its order of May 27, 1960, entered orally from the bench, by which it had denied defendant's motion to strike the amended complaint, reinstating said motion to strike, taking the same again under advisement and granting the parties a period of ten days to file simultaneous briefs in support of their respective positions on said motion.

The briefs have been filed and the court is now duly advised in the premises.

The parties have limited their briefs to a discussion of the question of whether this court's order of October 25, 1957 (entered orally from the bench) granting defendant's motion (filed October 14, 1957) to dismiss the complaint as to the then co-plaintiff Sperry Rand Corporation and the subsequent behavior of the then plaintiffs in filing on December 2, 1957, the first amended complaint in which Sperry Rand Corporation was completely eliminated as a party plaintiff in this action and thus expressing their consent to the aforesaid order of October 25, 1957, operated or not as an adjudication on the merits under Rule 41(b) of the F.R.Civ.P., 28 U.S.C.A. and does or does not constitute res adjudicata barring the acting of the present co-plaintiff Remington Rand Corporation (concededly a division of the eliminated plaintiff Sperry Rand Corporation) which has been included as such in the second amended complaint filed May 12, 1960, which is the subject of defendant's present motion to strike.

They do not, however, discuss whether the second amended complaint states any claim in favor of the new plaintiff, Remington Rand Corporation, upon which any relief may be granted to it in this action, although said second amended complaint appears to be fatally defective in this respect.

In its oral order of October 25, 1957 granting defendant's motion to dismiss the original complaint as to Sperry Rand Corporation, the court directed counsel for the defendant to submit a proposed formal order to that effect to be signed by the judge. No such proposed order was ever submitted or signed and no formal written direction for a judgment of dismissal of the action as to Sperry Rand Corporation was ever addressed to the Clerk or any judgment entered thereon. (See Rule 58 F.R.C.P.).

Had this been done, no doubt co-plaintiff Sperry Rand Corporation could have invoked Section 1292(b), Title 28 U.S.C. A. requesting that the judge of this court amend its said order as provided in the cited Section to permit co-plaintiff to apply to the Court of Appeals for leave to take an appeal to that court from the order.

In the absence of any such direction for or entry of judgment, on this Court's oral order of October 25, 1957, it might be claimed, as plaintiffs contend here, that the order could be the subject of revision at any time before the entry of judgment adjudicating all the claims herein, pursuant to Rule 54(b) of the F.R.C.P.

Even though Sperry Rand Corporation consented to said oral order of October 25, 1957 by permitting that the first amended complaint of December 2, 1957, in which it was totally excluded as a co-plaintiff, and Remington Rand Corporation was not included as such, be filed, it is nevertheless doubtful whether, under the circumstances above discussed, the aforesaid oral order of October 25, 1957 may be considered as res adjudicata in bar of whatever action the present co-plaintiff Remington Rand America Corporation may have against the defendant.

However, the second amended complaint here in question appears to be and in fact is a verbatim repetition of the original complaint, except in the sense that the co-plaintiff there was Sperry Rand Corporation while the co-plaintiff here is Remington Rand America Corporation, concededly a division of the former co-plaintiff Sperry Rand Corporation.

As to Remington Rand America Corporation, the second amended complaint fails to allege any claim whatsoever on which relief may be granted to said co-plaintiff, either independently of its parent company or as a subordinate of or division thereof.

All that is alleged in the second amended complaint, in connection with said corporations is that on or about July 10, 1956, Albert E. Lee & Sons turned over to the defendant Metropolitan Packing & Warehousing Company Inc., ten key punch machines owned by the Sperry Rand Corporation to be crated, packed and delivered to Bull Insular Line Inc., for shipment to New York (Par. 2); that said defendant packed and crated these machines in a negligent manner (Par. 3); that due to the negligence of said defendant, these machines were broken and damaged beyond practical repair (Par. 4), and that the plaintiff, Union Assurance Company Limited, as underwriter for the Sperry Rand Corpora-

tion, *has paid the Sperry Rand Corporation the sum of $7,577.00 as the value of these machines,* and as such is *subrogated* to any rights that the Sperry Rand Corporation has against the defendant (Par. 5).

The above mentioned paragraphs of the second amended complaint are substantially identical to paragraphs 2, 3, 4 and 5 of the original complaint in this action, as to which this Court, by its order of October 25, 1957 granted defendant's motion to have it dismissed as to the therein co-plaintiff Sperry Rand Corporation.

The second amended complaint does not add any facts whatsoever which in any way improve the position of Sperry Rand Corporation or establish any right to relief in favor of Remington Rand America Corporation.

As all that said second amended complaint purports to do is to add to the first amended complaint the name of a new co-plaintiff which from its allegations does not appear to have any claim upon which relief can be granted and to reiterate, in behalf of said new plaintiff, the same claim made in the original complaint in behalf of Sperry Rand Corporation, which was dismissed by this Court's order of October 25, 1957, for failure to state a claim upon which relief could be granted to the latter, said second amended complaint is sham and frivolous and must be ordered stricken.

It must be added, in closing, that plaintiffs have not made the slightest effort to show that the allegations of either the original or of the second amended complaint, state a claim upon which relief may be granted to either Sperry Rand Corporation or Remington Rand America Corporation, or that this court was in error when it made its order of October 25, 1957.

It is therefore, ordered that the second amended complaint filed on May 12, 1960 be as it is hereby stricken.